UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

|  |  |
|---|---|
| D'IBERVILLE PROMENADE, LLC,<br><br>    Plaintiff,<br>v.<br><br>CBL – D'IBERVILLE MEMBER, LLC and CBL & ASSOCIATES MANAGEMENT, INC.,<br><br>    Defendants. | ACTION NO.  1:21cv335 TBM-RPM |

## NOTICE OF REMOVAL

Defendant CBL & Associates Management, Inc. ("CBL Management") and CBL – D'Iberville Member, LLC ("CBL Member") (collectively, the "CBL Defendants") jointly file this Notice of the Removal to the Southern District of Mississippi, Southern Division of the civil action styled *D'Iberville Promenade, LLC v. CBL – D'Iberville Member, LLC*, Case No. 16-949(1), currently pending in the Chancery Court of Harrison County, Mississippi, Second Judicial District (the "State Court Action").[1] Plaintiff D'Iberville Promenade, LLC ("DP") filed the State Court Action on December 19, 2016. Subsequently, CBL Management filed Chapter 11 bankruptcy in the Bankruptcy Court for the Southern District of Texas (the "Texas Bankruptcy Court") on November 3, 2020, along with several other affiliated CBL entities. The State Court Action remains stayed due to the bankruptcy filing. The CBL Defendants file this Notice of Removal pursuant to this Court's jurisdiction under 28 U.S.C. §§ 1452 & 1334, and FED. R. BANKR. P. 9027.

In support, the CBL Defendants state as follows:

---

[1] To whatever degree it is necessary, CBL Member also fully gives its consent to removal under 28 U.S.C. § 1446((b)(2)(C).

11384645.1

**MEMORANDUM OF LAW**

I. **The Complaint**.

1. On December 19, 2016, DP filed the State Court Action against the CBL Defendants. DP subsequently claimed as much as $12 million in damages related to the State Court Action when it filed certain proofs of claim against CBL entities in the Texas Bankruptcy Court based on the entirety of the State Court Action. (*See*, *e.g.*, "Proofs of Claim", true and correct copies of which are attached as **Exhibit 5.1–5.3**, and which are discussed further below.) The CBL Defendants filed an answer and counterclaim on March 2, 2017, claiming over $1.1 million in damages as a result of DP's default on a certain December 15, 2011 Non-Recourse Promissory Note, and asserting that DP's default foreclosed the allegations in the State Court Action. It is this action that the CBL Defendants remove to this Court.

2. A true and correct copy of the entirety of the record in the State Court Action record is included with this notice of removal at **Appendix A**.

II. **This Court**.

3. Removal to this Court is proper under 28 U.S.C. § 1452(a) because the State Court Action is pending in Harrison County, Mississippi, which is within the jurisdiction and division of this Court district. *See, e.g.,* LOCAL RULES at iii (noting the jurisdiction of Southern District of Mississippi, Southern Division).

4. Additionally, pursuant to Local Rule 5(b)(2), the CBL Defendants will be "promptly fil[ing]" a "motion to transfer [this] case from the District Court to the Bankruptcy Court." *Id.* In particular, the CBL Defendants believe this matter should be transferred to the Texas Bankruptcy Court so that it can be resolved alongside DP's Proofs of Claim currently pending in that Court – as explained below, and to be more fully set forth in the Motion to Transfer.

**III.     The Petition For Removal Is Timely**.

5.     Federal Rule of Bankruptcy Procedure 9027(a)(2) provides that "a notice of removal may be filed . . . within . . . (B) **30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under 362 of the Code** . . . ." (Emphasis added.) *See, e.g., In re Eagle Bend Development*, 61 B.R. 451, 458 (W.D. La. 1986) ("[W]e conclude that Bankruptcy Rule 9027(a)(2) continues to govern the procedure for removal in bankruptcy related matters and accordingly the request for removal was timely . . . .")

6.     CBL Management filed Chapter 11 bankruptcy in the Texas Bankruptcy Court on November 3, 2020, along with several other affiliated CBL entities. (*See* CBL Management Chapter 11 Voluntary Bankruptcy Petition (the "Bankruptcy Petition") a true and correct copy of which is attached as **Exhibit 1**.)

7.     CBL Management's bankruptcy case has been consolidated with the bankruptcy actions filed by other affiliated CBL entities under the case styled *In re CBL & Associates Properties, Inc.*, Case No. 20-35226 (the "Bankruptcy Action"). Once CBL Management filed the Bankruptcy Action, the State Court Action was automatically stayed pursuant to 11 U.S.C. § 362.

8.     On November 4, 2020, CBL Management gave notice of the Bankruptcy Action to the Mississippi Chancery Court, and the Mississippi Chancery Court informed the Parties that it "consider[ed] the entire matter pending in Chancery Court stayed" by virtue of the automatic bankruptcy stay. (*See* "Nov. 20, 2020 E-mail from Chelsea Crittenden," a true and correct copy of which is attached as **Exhibit 2**.) *See also* 11 U.S.C. § 362. The stay has not been lifted.

9.     On August 9, 2021, CBL Management (and other affiliated CBL Debtors) filed its Third Amended Joint Chapter 11 Plan with the Texas Bankruptcy Court (the "Bankruptcy Plan"). A true and correct copy of the CBL Bankruptcy Plan is attached as **Exhibit 3**. The Texas

Bankruptcy Court confirmed the Bankruptcy Plan on August 11, 2021, and the Bankruptcy Plan becomes effective on November 1, 2021.

10. The automatic bankruptcy stay remains in effect until that time, and the Texas Bankruptcy Court has ruled that "[t]he Removal Deadline is . . . extended to and include[es] November 1, 2021." ("Sept. 22, 2021 Order Further Extending the Deadline by Which the Debtors May Remove Civil Actions," a true and correct copy of which is attached as **Exhibit 4**.)

IV. **Basis For Removal.**

11. 28 U.S.C. § 1452(a) provides that, "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

12. 28 U.S.C. § 1334, in turn provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings **arising under title 11**, or **arising in** or **related to cases under title 11**." (Emphases added.) This Court has jurisdiction under both its "related to" and "arising under" jurisdiction.

   a. *28 U.S.C. § 1334's "related to" jurisdiction:*

13. First, this action is "related to" the Bankruptcy Action. The Fifth Circuit has held that the jurisdictional grant in § 1334(b) is "broad[]," and has held that:

> [T]he test for whether a proceeding properly invokes federal "related to" jurisdiction is whether the outcome of the proceeding could **conceivably affect the estate being administered in bankruptcy**. *See Arnold v. Garlock, Inc.*, 278 F.3d 426, 434 (5th Cir.2001). Certainty is unnecessary; an action is "related to" bankruptcy if the outcome could **alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankrupt estate**. *See Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746, 752 (5th Cir.1995).

*In re TXNB Internal Case*, 483 F.3d 292, 298 (5th Cir. 2007) (emphases added).

11384645.1

14. CBL Management is a debtor in the Bankruptcy Action, and as such, resolution of DP's claim (whether positively or negatively) will have a **direct** impact on CBL Management's "rights, liabilities, options, or freedom of action," *id.*, by determining whether CBL Management must pay DP.

15. On February 25, 2021, DP filed three (3) proofs of claim in the consolidated Bankruptcy Action, which it amended on March 25, 2021. These claims were filed against CBL Management and certain other affiliated CBL debtor entities (collectively, the "Proofs of Claim," true and correct copies of which are attached as **Exhibits 5.1–5.3**):

| Claim | Claim Date | Amended Date | Debtor | Claim Amt. | Classification |
|---|---|---|---|---|---|
| 612 | 2/25/2021 | 3/25/2021 | CBL Holdings I, Inc. | $12 million | Gen. Unsec'd |
| 613 | 2/25/2021 | 3/25/2021 | CBL Management | $12 million | Gen. Unsec'd |
| 614 | 2/25/2021 | 3/25/2021 | CBL & Assoc., LP | $12 million | Gen. Unsec'd |

16. To support each the Proofs of Claim, DP submitted identical documentation for each Proof of Claim, claiming identical damages, and consisting entirely of key documents and pleadings from the record of the State Court Action. (*See id.*) (Attaching documents such as the complaint, answer and counterclaim, motion for partial summary judgment, etc.). In other words, DP's Proofs of Claim were essentially identical to and co-extensive with DP's claims in the State Court Action.

17. This also demonstrates that DP's claims against CBL Member would, at a minimum, be "related to" the Bankruptcy Action. Although CBL Member is not a debtor in the Bankruptcy Action, its managing partner, CBL & Associates, L.P. – along with CBL & Associates, L.P.'s managing partner, CBL Holdings I, Inc. (collectively, the "Affiliated CBL Debtors") – **are** debtors in the Bankruptcy Action, and DP's Proofs of Claim were filed against the Affiliated CBL

Debtors, not only against CBL Management. *See In re TXNB Internal Case*, 483 F.3d at 299 (finding that plaintiff's state court claim against a third-party was "related to" a bankruptcy action, because the state court action could "conceivably affect" the bankruptcy of a majority shareholder of an entity who was involved in the transaction, even though neither the shareholder nor the entity in which the shareholder held shares were parties to the action).

  b. ***28 U.S.C. § 1334's "arising under" jurisdiction:***

  18. As DP's Proofs of Claim make clear, this Court would also have jurisdiction of this action as "arising under title 11" pursuant to 28 U.S.C. § 1334. The Fifth Circuit has found that an action is a "core action" that "aris[es] under title 11" if it "involve[s] a cause of action created or determined by a statutory provision of title 11." *Matter of Wood*, 825 F. 2d 90, 96 (5th Cir. 1987) (citing 1 Collier on Bankruptcy ¶ 3.01 at 3–23 (1987). The Fifth Circuit noted, for example, that this would include matters involving the "**allowance or disallowance of claims against the estate . . . .**" *Id.* (emphasis added).

  19. Because DP's Proofs of Claim against CBL Management and the Affiliated CBL Debtors are premised on the exact same facts and allegations as the State Court Action (and, in fact, merely attach the pleadings in the State Court Action as proof of DP's claims), the resolution of the State Court Action is **identical** to the determination the Texas Bankruptcy Court will make in deciding whether to "allow[] or disallow[ DP's] claims against the estate . . . ." *Id.* The State Court Action involves a "core action" that "aris[es] under title 11," in other words. *Id.*

**V.** **Notice**.

  20. Contemporaneously with the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d), CBL Management is providing written notice of this removal to Plaintiff through Plaintiff's attorney of record in the State Court Action. CBL Management is also filing a Notice

of Filing of Notice of Removal (the "Notice of Filing") contemporaneously with the Chancery Court of Harrison County, Mississippi, Second Judicial District, and a copy of this Notice of Removal. A true and correct copy of the Notice of Filing is attached as **Exhibit 6**.

WHEREFORE, CBL Management removes this action from the Chancery Court of Harrison County, Mississippi, Second Judicial District to this Court.

Respectfully submitted the 28th day of October, 2021.

/s/ *Jeremy L. Retherford*
One of the Attorneys for Defendants CBL & Associates Management, Inc. and CBL – D'Iberville Member, LLC

**OF COUNSEL:**
Jeremy L. Retherford
L. Conrad Anderson, IV (*pro hac vice* pending)
Michael P. Taunton (*pro hac vice* pending)
Balch & Bingham LLP
1901 Sixth Avenue N., Suite 1500
Birmingham, Alabama 35203
Telephone: (205) 226-3451
E-mail: jretherford@balch.com
canderson@balch.com
mtaunton@balch.com

Mark T. Benedict (*pro hac vice* pending)
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112-2551
Telephone: (816) 283-4677
Email: Mark.Benedict@huschblackwell.com

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing has been filed with the Clerk of Court on this the 28th day of October, 2021, using the CM/ECF system and served upon the following by U.S. Mail (Certified), properly addressed and postage prepaid:

Jim Reeves, Jr.
Reeves & Mesayer, PLLC
Post Office Drawer 1388
Biloxi, Mississippi 39533

                                                  */s/ Jeremy L. Retherford*
                                                  Of Counsel

11162514.7