IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**D'IBERVILLE PROMENADE, LLC**                                     **PLAINTIFF**

**v.**                                                   **CAUSE NO. 1:21CV335-LG-RPM**

**CBL – D'IBERVILLE MEMBER, LLC and**                      **DEFENDANTS**
**CBL & ASSOCIATES MANAGEMENT,**
**INC.**

## ORDER GRANTING MOTION TO CHANGE VENUE

**BEFORE THE COURT** is the [10] Motion to Remand filed by the plaintiff, D'Iberville Promenade, LLC ("DP"). DP seeks to remand this matter to the Chancery Court of Harrison County, Mississippi, claiming that the Court should abstain from exercising jurisdiction. The defendants, CBL-D'Iberville, LLC and CBL & Associates Management, Inc. ("CBL"), filed a response in opposition, arguing that the Court should deny the Motion to Remand or, in the alternative, grant CBL's pending [7] Motion to Change Venue to transfer this case to the United States Bankruptcy Court for the Southern District of Texas ("Texas Bankruptcy Court") so that the Texas Bankruptcy Court can determine whether abstention or remand is appropriate. For the reasons set forth below, the Court finds that the Motion to Change Venue should be granted. This case shall be transferred to the Texas Bankruptcy Court under Docket No. 4:20-bk-35226 for further consideration.

## BACKGROUND

In 2008, DP and CBL entered into an agreement that governs the operations of the The Promenade D'Iberville, LLC ("the Company"). The Company developed

and currently operates a retail shopping center in D'Iberville, Mississippi, called The Promenade at D'Iberville. CBL is the majority and managing member holding 85% of the membership interest; DP holds the remaining 15%.

In December 2011, CBL agreed to make a loan to DP in the amount of $1.1 million. The loan was evidenced by a promissory note, and the note was secured by a pledge of DP's 15% ownership interest in the Company. The note required that DP pay CBL the entire unpaid principal amount of the loan, together with all accrued and unpaid interest, no later than December 15, 2016. On December 19, 2016, DP filed a lawsuit against CBL in the Chancery Court of Harrison County, Mississippi, seeking, *inter alia*, injunctive relief and alleging claims for unjust enrichment and estoppel in connection with the shopping center project. CBL answered the complaint on March 2, 2017, asserting counterclaims of payment of more than $1.1 million. On October 28, 2020, DP filed an emergency motion to stay disposition of collateral, claiming that CBL was "disposing of Company interests, property, and collateral," including its efforts to "foreclose" on DP's 15% interest in the Company. (*See* Appendix A5, at 96, ECF No. 1-13; *see also* DP's Mot. to Remand, at 2, ECF No. 13). The state court granted DP's motion to stay.

On November 3, 2020, CBL and numerous other related CBL entities filed Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of Texas in Docket No. 4:20-bk-35226. In that proceeding, DP filed proof of claims, and submitted supporting documents from the state court action. (*See* Exhibits 5.1-5.3, ECF Nos. 1-5–1-7). The Texas Bankruptcy Court entered its

findings on August 11, 2021, confirming the Chapter 11 plan of CBL and its affiliated debtors. The plan states in relevant part:

> **ARTICLE XI    RETENTION OF JURISDICTION**
>
> **11.1    Retention of Jurisdiction.**
>
> On and after the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction, pursuant to 28 U.S.C. §§ 1334 and 157, over all matters arising in or related to the Chapter 11 Cases for, among other things, the following purposes:
>
> . . .
>
> (e)    to consider Claims or the allowance, classification priority, compromise, estimation, or payment of any Claim;
>
> . . .
>
> (r)    to hear and determine any rights, Claims, or Causes of Action held by or accruing to the Debtors pursuant to the Bankruptcy Code or pursuant to any federal statute or legal theory;
>
> (s)    to recover all Assets of the Debtors and property of the Estates, wherever located; . . .

Joint Ch. 11 Plan at 74-75, *In re CBL & Associates Properties, Inc.*, No. 20-35226-DRJ (Bankr. S.D. Tex. Aug. 11, 2021). There is no stay in the bankruptcy proceeding. The Texas Bankruptcy Court has since closed certain cases of the reorganized debtors; however, amongst the cases remaining open are various CBL entities, including the defendant in this case, namely, CBL & Associates Management, Inc. *Id.* at Second Final Decree & Order Closing Certain Cases at 11.

On October 28, 2021, CBL removed the state court action to this Court pursuant to 28 U.S.C. §§ 1452, 1334, and Fed. R. Bankr. P. 9027. On November 5, 2021, CBL filed a Motion to Change Venue, seeking transfer of this case to the

Texas Bankruptcy Court pursuant to 28 U.S.C. § 1412.  In its Motion to Change Venue, CBL argues that the instant case involves core proceedings which have to be resolved by the Texas Bankruptcy Court, and this case was an integral part of the bankruptcy proceedings.  DP did not file a response, and the Motion to Change Venue remains unresolved.

On November 29, 2021, DP filed a Motion to Remand.  In its Motion, DP solely argues that the Court should abstain from exercising jurisdiction pursuant *Colorado River*.  *See* 28 U.S.C. §§ 1334(c)(1)-(2), 1452(b).  In opposition, CBL argues that *Colorado River* does not apply in this instance because there is no contemporaneous exercise of jurisdiction between the state court and this Court, *i.e.*, the state court action was removed to this Court.  CBL urges the Court to grant its Motion to Change Venue so that the Texas Bankruptcy Court may decide whether abstention or remand is appropriate.

## DISCUSSION

A "district court has subject matter jurisdiction to adjudicate abstention issues on behalf of the bankruptcy court." *In re Wood*, 84 B.R. 432, 433 (S.D. Miss. 1988) (citing *Matter of Wood*, 825 F.2d 90, 93 (5th Cir. 1987)).  Thus, this Court has resolved an abstention issue where "judicial economy and expeditious disposition of th[e] case would best be served by the court's consideration of the abstention issue without referring the matter to the bankruptcy court." *Id.* at 434; *see also Merchants & Farmers Bank v. L&T Constr., Inc.*, No. 3:09-cv-582-WHB-LRA, 2010 WL 11527342, at *3 (S.D. Miss. June 9, 2010).

On the other hand, courts in this Circuit have held that abstention issues may or should be decided by the appropriate bankruptcy court. *See Everett v. Friedman's Inc.*, 329 B.R. 40, 41 (S.D. Miss. 2005) (holding that it should be for a bankruptcy court "to make the determination whether the case may or should remain in federal court" and transferring the case to the appropriate bankruptcy court to "decide if remand or abstention is appropriate"); *Atlas v. Chrysler, LLC*, Nos. 3:09-cv-294-DPJ-JCS, 3:09-cv-295-DPJ-JCS, 2010 WL 4782101, at *2 (S.D. Miss. Dec. 8, 2009) (holding the same); *Nelson v. First Lenders Indem. Co.*, No. 2:97-cv-239-B, 1998 WL 378376, at *1 (N.D. Miss. May 11, 1998) (transferring a motion to remand "to the appropriate bankruptcy court to determine whether it should hear and determine these claims"); *Marquette Transp. Co. v. Trinity Marine Prods., Inc.*, Nos. 06CV826, 06CV827, 06CV1281, 06-cv-1282, 2006 WL 2349461, at *5 n.17 (E.D. La. Aug. 11, 2006) (holding that the appropriate bankruptcy court is "in the best position to dispose of plaintiffs' arguments regarding remand and/or abstention"); *Bayou Steel Corp. v. Boltex Mfg. Co., L.P.*, No. 03-cv-1045, 2003 WL 21276338, at *1 (E.D. La. Jun. 2, 2003) (citing a number of cases to the effect that "the interests of justice and the efficient administration of the bankruptcy estate strongly favor transfer, so that the Bankruptcy Court can decide *inter alia* whether abstention is required or warranted"); *Consol. Lewis Inv. Corp. v. First Nat. Bank. of Jefferson Parish*, 74 B.R. 648, 651 (E.D. La. 1987) ("Although plaintiffs have asked this Court to remand this action or in the alternative, abstain, to do so would deprive the bankruptcy court of a § 157(b)(3) determination."); *Orix Fin. Corp. v.*

*Nexbank, SSB*, No. 3:08CV550-B, 2008 WL 2796069, at *3 (N.D. Tex. July 15, 2008) (finding that the bankruptcy judge, "with his intimate familiarity with the bankruptcy proceedings, is in the best position to determine if remand or abstention is appropriate").[1] Other jurisdictions agree. *In re Wedlo, Inc.*, 212 B.R. 678, 679 (Bankr. M.D. Ala. 1996) ("The court concludes the bankruptcy court in which the chapter 11 case is pending is in the best position to determine the issues underlying the motion to remand, abstain, or dismiss."); *McKinstry v. Sergent*, 442 B.R. 567, 570 (E.D. Ky. 2011) (holding that the bankruptcy court is best situated to determine abstention issues, including "whether those claims are 'core' bankruptcy claims"); *Navon v. Mariculture Prods. Ltd.*, 395 B.R. 818, 822-23 (D. Conn. 2008) (finding that "it should be within the bankruptcy court's province to rule on whether abstention is appropriate, depending on whether this action is a core or 'related to' proceeding," and therefore denying the "motion to abstain without prejudice to renew following referral").

---

[1] Moreover, the abstention issue often involves classification of the action as core or non-core. To that end, it is generally "the bankruptcy court's responsibility to determine whether each claim before it is core or non-core." *Windham v. Mechanics Bank*, No. 3:14CV87-DMB-SAA, 2016 WL 129521, at *4 (N.D. Miss. Jan. 12, 2016) (citing *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 33 (2014)); *see also* 28 U.S.C. § 157(b)(3) ("The bankruptcy judge shall determine . . . whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11."); *Oxford Expositions, LLC v. Questex Media Grp., LLC*, No. 3:10CV95, 2011 WL 1135354, at *3 (N.D. Miss. Mar. 25, 2011). Although the Court may decide whether the proceeding is core or non-core where no prior determination has been made, *In re White*, 172 B.R. 841, 844 n.7 (S.D. Miss. 1994), the Court declines to do so here and leaves this determination to the judgment of the bankruptcy court.

After considering the submissions, the record, and the relevant legal authority, the Court is persuaded that "[t]he bankruptcy judge" is "in the best position to evaluate the grounds asserted for abstention." Fed. R. Bankr. P. 5011, Advisory Committee's Note. The Court leaves the determination of whether the case may or should remain in federal court up to the Texas Bankruptcy Court. Thus, CBL's [7] Motion to Change Venue is hereby **GRANTED**.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [7] Motion to Change Venue filed by the defendants, CBL-D'Iberville, LLC and CBL & Associates Management, Inc., is **GRANTED**. This lawsuit shall be transferred to the United States Bankruptcy Court for the Southern District of Texas under Docket No. 4:20-bk-35226.

**SO ORDERED AND ADJUDGED** this the 11th day of January, 2022.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE